UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB <br> 2101 Webster St., Suite 1300 <br> Oakland, CA 94612 <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WHEELER, <br> in his official capacity as Administrator, <br> U.S. Environmental Protection Agency, <br> 1200 Pennsylvania Avenue, N.W. <br> Washington, DC 20460, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### I.   INTRODUCTION

1. The Administrator of the United States Environmental Protection Agency ("Administrator" or " EPA") has failed to perform his nondiscretionary duties under the Clean Air Act to act within the time frame required by 42 U.S.C. § 7410(k)(1)(B), to issue findings of failure by twelve states—Arkansas, Hawaii, Louisiana, Maine, Maryland, Mississippi, New Mexico, Pennsylvania, Rhode Island, Utah, Vermont, and Virginia—to submit complete state implementation plans ("SIPs") which contain adequate provisions to address the interstate transport of air pollution for the 2015 ozone national ambient air quality standards ("NAAQS" or "standards").  *See* 42 U.S.C. § 7410(a)(2)(D)(i)(1).

2. Thus, Plaintiff Sierra Club brings this action against Defendant Andrew Wheeler, in his official capacity as EPA Administrator, to compel EPA to perform these mandatory duties.

## II.    JURISDICTION

3. This case is a Clean Air Act citizen suit. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

4. An actual controversy exists between the Parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

## III.    NOTICE

5. On July 10, 2019, Plaintiff mailed to Defendant by certified mail, return receipt requested, written notice of intent to sue regarding the violations alleged in this Complaint. More than sixty days have passed since EPA received this "notice of intent to sue" letter. EPA has not remedied the violations alleged in this Complaint. Therefore, a present and actual controversy exists.

## IV.    VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia. Defendant Administrator Wheeler is an officer of the United States, sued for acts and omissions in his official capacity as Administrator of the EPA, and EPA has its principal office in the District of Columbia.

## V.    PARTIES

7. Plaintiff SIERRA CLUB is the oldest and largest grassroots environmental

organization in the United States, with almost 800,000 members nationally, including over 108,000 members in the twelve states at issue in this present case. Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth; to practice and promote the responsible use of the Earth's resources and ecosystems; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives. Sierra Club performs this mission through advocacy, litigation, and educational outreach to its members and state chapters. Sierra Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality.

8. Sierra Club is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Sierra Club may commence a civil action under 42 U.S.C. § 7604(a).

9. The Administrator's failure to perform the mandatory duties described in this Complaint has injured and continues to injure the health, recreational, environmental, organizational, and procedural interests of Sierra Club and its members.

10. Sierra Club members live, work, recreate, travel and engage in other activities in and downwind of the states listed in this complaint and will continue to do so on a regular basis. Pollution in the affected areas threatens and damages, and will continue to threaten and damage, the health and welfare of Plaintiff's members. Pollution diminishes Plaintiff's members' ability to work and engage in activities and to enjoy the aesthetic qualities and recreational opportunities of the affected areas.

11. EPA's failure to timely perform the mandatory duties described herein also adversely affects Sierra Club, as well as its members, by depriving them of procedural protection and opportunities, as well as information they are entitled to under the Clean Air Act. The

failure of EPA to perform the mandatory duties also creates uncertainty for Sierra Club's members as to whether they are exposed to unsafe air pollution.

12.     Granting the relief requested in this lawsuit would redress Sierra Club and its members' injuries.

13.     Defendant ANDREW WHEELER is the Administrator of the EPA.  In that role Administrator Wheeler has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

## VI.     LEGAL BACKGROUND

14.     Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again."  H.R. Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S. Code Cong. & Admin. News 5356, 5356.  To promote wholesome air, the Clean Air Act requires EPA to set national ambient air quality standards for certain pollutants, including ozone, establishing maximum allowable concentrations in the air of these pollutants in order to protect public health and welfare. 42 U.S.C. § 7409(b).

15. Pursuant to section 110(a)(1) of the Clean Air Act, within three years of promulgation of any new or revised NAAQS, states must submit to EPA infrastructure plans that provide for "implementation, maintenance, and enforcement" of the standard and meet certain statutory requirements of Clean Air Act section 110(a)(2). 42 U.S.C. § 7410(a)(1),(2).  Included among these applicable requirements is section 110(a)(2)(D)(i)(I)—the Clean Air Act's "good neighbor" provision, which requires SIPs to contain adequate provisions to address the interstate transport of air pollution.  42 U.S.C. § 7410(a)(2)(D)(i)(I).

16.     Within sixty days of receipt of a SIP or plan revision from a state, but no later

than six months after the date by which a state is required to submit a plan or revision, the Clean Air Act imposes on the EPA Administrator a nondiscretionary duty to determine whether the state submittal meets minimum criteria and is administratively complete. 42 U.S.C. § 7410(k)(1)(B). Where a state fails to submit a required SIP element, the minimum criteria will not have been met, and the EPA Administrator must make a "finding of failure to submit" determination stating so no later than six months after the missed submittal deadline. *Id*.

17. A finding of failure to submit a required plan then triggers the Administrator's nondiscretionary duty to promulgate a federal implementation plan ("FIP") "at any time within 2 years after the Administrator finds that a State has failed to make a required submission," unless, prior to EPA promulgating a FIP, the state submits, and EPA approves, a SIP that meets all applicable requirements. 42 U.S.C. 7410(c)(1).

18. Where the Administrator has failed to perform his nondiscretionary duty to make a finding of failure to submit within six months of a state's missed SIP submittal deadline, 42 U.S.C. § 7410(k)(1)(B), the Clean Air Act authorizes any person to bring suit to compel the Administrator to perform his duty. 42 U.S.C. § 7604(a)(2).

### VII.   FACTS

19. On October 1, 2015, EPA promulgated a revised national ambient air quality standard for ozone, providing for greater protection of public health and welfare. Final Rule, National Ambient Air Quality Standards for Ozone, 80 Fed. Reg. 65,292 (Oct. 26, 2015).

20. In accordance with the Clean Air Act, states were required to adopt and submit to EPA by October 1, 2018, state-specific plans providing for implementation, maintenance, and enforcement of the 2015 ozone standard. *See* 42 U.S.C. § 7410(a)(1). Among other statutory elements of these infrastructure SIPs, Clean Air Act section 110(a)(2)(D)(i) requires these plans

to contain a "good neighbor" provision prohibiting any source or other type of emissions activity within the state from emitting air pollutants in amounts that will significantly contribute to nonattainment of the NAAQS in another state (prong 1) or that will interfere with maintenance of the NAAQS in another state (prong 2). 42 U.S.C. §7410(a)(2)(D)(i)(I).

21. The twelve states identified in Table 1, below, have failed to submit SIPs for the 2015 ozone standard addressing the "good neighbor" element of 42 U.S.C. §7410(a)(2)(D)(i)(I). EPA Database, *National Status of a 110(a)(2) Ozone (2015) SIP Infrastructure Requirement: Section 110(a)(2)(D)(i) - I Prong 1: Interstate transport - significant contribution*, https://www3.epa.gov/airquality/urbanair/sipstatus/reports/x110_a__2__ozone__2015_section_110_a__2__d__i__-_i_prong_1__interstate_transport_-_significant_contribution_inbystate.html.

| Table 1: Section 110(a)(2)(D)(i)(I): Interstate Transport for 110(a)(2) 2015 Ozone [*as of 9/30/2019*] | | | |
|---|---|---|---|
| **State** | **Deadline** | **Submittal Date** | **EPA Completeness Action** |
| Arkansas | 10/01/2018 | | No |
| Hawaii | 10/01/2018 | | No |
| Louisiana | 10/01/2018 | | No |
| Maine | 10/01/2018 | | No |
| Maryland | 10/01/2018 | | No |
| Mississippi | 10/01/2018 | | No |
| New Mexico | 10/01/2018 | | No |
| Pennsylvania | 10/01/2018 | | No |
| Rhode Island | 10/01/2018 | | No |
| Utah | 10/01/2018 | | No |
| Vermont | 10/01/2018 | | No |
| Virginia | 10/01/2018 | | No |

22. The EPA Administrator had a nondiscretionary duty to make findings of failure to submit as to these twelve states within six months of the October 1, 2018 SIP submission deadline—by April 1, 2019. *See* 42 U.S.C. § 7410(k)(1)(B).

23.     As of the filing of this Complaint, the EPA Administrator has not issued findings of failure to submit the requisite SIPs addressing Clean Air Act section 110(a)(2)(D)(i)(I) for the twelve states listed above.

## VIII.  CLAIM FOR RELIEF

24.     Sierra Club incorporates the allegations in all preceding paragraphs of this Complaint as if set forth in full herein.

25.     Twelve states—Arkansas, Hawaii, Louisiana, Maine, Maryland, Mississippi, New Mexico, Pennsylvania, Rhode Island, Utah, Vermont, and Virginia—have failed to submit infrastructure SIPs for the 2015 ozone NAAQS that address the interstate transport requirements of CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I).

26.     The deadline for states to submit to EPA complete SIPs that address the interstate transport requirements of CAA section 110(a)(2)(D)(i)(I) with respect to the 2015 ozone NAAQS was one year ago—October 1, 2018.  *See* 42 U.S.C. § 7410(a)(1),(2).

27.     The EPA Administrator had a nondiscretionary duty to, no later than April 1, 2019, take final action to find that these twelve states failed to submit SIPs to satisfy the interstate transport requirements of Clean Air Act's section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS.  *See* 42 U.S.C. § 7410(k)(1)(B) (requiring that no later than six months after the date by which a state is required to submit a SIP, the Administrator shall make a completeness finding).

28.     As of the filing of this Complaint, the EPA Administrator has not issued findings of failure by these twelve states to submit SIPs to satisfy these Clean Air Act interstate transport requirements for the 2015 ozone NAAQS.  He is, therefore, in violation of his nondiscretionary duties under 42 U.S.C. § 7410(k)(1)(B).

29.     The Administrator has been in violation of these nondiscretionary duties for six months, the violation is ongoing, and will continue unless remedied by this Court.

## IX.     REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests that the Court:

A.      Declare that the Administrator is in violation of the Clean Air Act with regard to his failure to perform the mandatory duties listed above;

B.      Issue a mandatory injunction requiring the Administrator to perform his mandatory duties listed above by a date certain;

C.      Retain jurisdiction of this matter for purposes of enforcing the Court's order;

D.      Grant Sierra Club its reasonable costs of litigation, including attorneys' fees; and

E.      Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 30, 2019

*/s/ Kathryn Amirpashaie*
Kathryn M. Amirpashaie
DC Bar Id. No. 1001491
Law Office of Kathryn M. Amirpashaie, PLC
35934 Shrewsbury Ct
Round Hill, VA 20141
Tel: (703) 771-8394
kmalawoffice@gmail.com

Zachary M. Fabish
DC Bar Id. No. 986127
The Sierra Club
50 F Street NW, Eighth Floor
Washington, DC 20009
Tel: (202) 675-7917
zachary.fabish@sierraclub.org

*Counsel for Plaintiff Sierra Club*